RECEIVED
OCT 14 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| BRAND ENERGY SOLUTIONS, LLC | CIVIL ACTION NO. 2:16-01025 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| CODY GILLEY | MAG. JUDGE KAY |

### MEMORANDUM ORDER

Before the court is "Defendant's 12(B)(7) Motion to Dismiss for Failure to Join a Party Under Rule 19" (R. #8) wherein the mover seeks to dismiss the instant complaint filed by plaintiff, Energy Solutions, LLC for failure to join a party under Rule 19. Defendant, Cody Gilley maintains that Brand Energy Solutions, LLC ("Brand") seeks to enforce rights owned by entities which are not parties to this lawsuit and to enforce a contract in the absence of parties to the contract causing the risk of multiple, double or otherwise inconsistent obligations arising out of the same contract. Hence, Mr. Gilley argues that because these "absent" parties are indispensable to this lawsuit, to the extent that their joinder would destroy subject matter jurisdiction, the court should dismiss plaintiff's complaint.

### BACKGROUND

Brand filed the instant lawsuit against Cody Gilley alleging that he breached non-competition and non-solicitation provisions contained in the Confidentiality, Non-Competition, Non-Solicitation and Invention Assignment Agreement (the "Agreement") executed by Mr. Gilley, Brand, and Brand's "predecessors, successors, parents, subsidiaries, divisions and affiliated and related companies"[1] (collectively referred to as the "Absentees"). Brand alleges that upon his

---

[1] R. #1-2.

termination, Mr. Gilley began working for Apache Industrial Services ("Apache") in violation of the Agreement. Brand seeks compensatory damages and injunctive relief against Mr. Gilley.

## LAW AND ANALYSIS

In its motion to dismiss, Mr. Gilley first complains of the inconsistencies made by Brand in the complaint. Specifically, paragraph 56 of the Complaint seeks an order enjoining Mr. Gilley from working for Apache or any other competitor of Brand in Calcasieu and Cameron Parish, Louisiana and Orange County, Texas, whereas, in its Prayer for Relief, Brand requests an order enjoining Gilley from working for Apache or any competitor "within the geographic area restricted by the Agreement, including Calcasieu and Cameron Parishes and Orange County, Texas."[2]

The Agreement expressly states that the "Restricted Area" includes every "county, city, municipality, parish or other locality within Canada or the United States, or any other county including the parishes … [listing 34 Louisiana parishes, 23 Mississippi counties, 12 Alabama counties, two (2) Florida counties, and 41 Texas counties] all as long as the Company carries on therein a business described in this Agreement, wherein the Company sold, rented or provided, or attempted to sell, rent or provide its products or services, that were within Manager's management, operational or sales responsibility or within the responsibility of personnel directly reporting to Manager, at any time during the last one (1) year of Manager's employment with the Company."[3]

---

[2] R. #1-2.
[3] R. #1-2 ¶ 3(b).

2

In the Agreement, Mr. Gilley is defined as the Manager and "Brand Energy Solutions, LLC a Delaware limited liability company, and its predecessors, successors, parents, subsidiaries, divisions and affiliated and related companies" is referred to collectively as "Brand" or the "Company." Mr. Gilley further complains that the Complaint is ambiguous as to who is seeking relief. The Prayer for Relief is made by Brand, but paragraph 56(b)-(c) states that Brand is seeking an order enjoining Mr. Gilley from competing with or soliciting customers of "the Company" which includes Brand and the Absentees- the Absentees being any of the aforementioned entities other than Brand.

Mr. Gilley maintains that the instant suit must be dismissed pursuant to Federal Rule of Civil Procedure 19 because there are indispensable parties who have not been joined and to do so would destroy diversity jurisdiction. The purpose of Rule 19 is to bring all persons having an interest in the subject of an action together in one forum to provide a fair and complete resolution.[4] Rule 19 "also provides for dismissal of the suit if it should not proceed without the parties who cannot be joined."[5]

Determining whether to dismiss a case for failure to join an indispensable party is a two-step inquiry which requires the court to first determine whether the party should be added under the requirements of Rule 19(a). Rule 19(a)(1) requires that a person subject to process and whose joinder will not deprive the court of subject-matter jurisdiction be joined if:

> (A) In that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

---

[4] Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1308 (5th Cir. 1986).
[5] El Paso E&P Co., LP v. Crabapple Properties, 2008 WL 2051109, at *5 (W.D. La. 2008).

3

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[6]

The party advocating joinder has the initial burden of demonstrating that a missing party is necessary; after an "initial appraisal of the facts indicates that a possible necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder."[7] An absentee will be deemed necessary, or required, if failure to join it creates any of three potential risks: (1) inability of the court to accord complete relief; (2) risk of harm to the absentee's ability to protect its interest; or (3) risk of harm to the defendant by subjecting it to double liability or inconsistent obligations.[8]

Mr. Gilley argues that there is a risk of harm to him because the Absentees are parties to the Agreement and the Agreement binds the Absentees to him and vice versa and furthermore, the Agreement provides remedies to the Absentees in the event that Gilley breaches the Agreement – those same remedies that Brand seeks to enforce on behalf of the Absentees in its Complaint.[9] Mr. Gilley maintains that the Absentees are indispensable because the court cannot accord complete relief without the Absentees considering that Brand is seeking to enforce an agreement to which the Absentees are privy, including those rights granted by the Agreement that are owned by the Absentees.

---

[6] Fed. R. Civ. P. 19(a)(1).
[7] Hood ex rel. Mississippi v. City of Memphis, Tenn., 570 F.3d 625, 628 (5th Cir. 2009) (quoting Pulitzer-Polster, 784 F.2d at 1309).
[8] Moore's Federal Practice, § 19.02, at p. 19-23 (3rd ed. 2016).
[9] See Complaint, ¶ 56(b)-(c).

Next, Mr. Gilley maintains that the Absentees have a sufficient interest relating to the subject of the litigation because as stated in the Complaint, Companies in the Brand "corporate family have been doing business in Louisiana since the 1960s."[10] Thus, these Companies as defined by the Agreement are Absentees to this litigation which have a significant interest in preventing competition and solicitation of its customers by a former employee in violation of his employment agreement.

Mr. Gilley argues that proceeding without the Absentees would expose him to the risk of double, multiple or inconsistent obligations. Mr. Gilley notes that it is possible that this court could find that the applicable provisions of the Agreement are unenforceable which would allow him to continue working for his new employer, Apache. But, such a ruling would not have a preclusive effect as to the Absentees who could potentially bring a claim against him causing him the potential to be exposed to double, multiple or inconsistent obligations.

Brand submits that Mr. Gilley has failed to present evidence that failing to join the "Affiliate Entities" would prevent Brand from achieving the objective of its suit—the cessation of Mr. Gilley's breach of the Agreement—and none of the "Affiliate Entities" have claimed an interest in this litigation such that there is no risk of harm to Mr. Gilley should the litigation proceed without them. We respectfully disagree. The Agreement is sufficient evidence to establish that the parties to the Agreement have an interest in this litigation.

Brand argues that the court can accord complete relief among the existing parties, Brand and Gilley, without the presence of the "Affiliate Entities." Brand informs the court that it was

---

[10] Complaint, ¶ 4, R. #1.

5

the entity who employed Mr. Gilley and provided him with its confidential, trade secret information and signed the Agreement at issue. Brand suggests that it does not need the "Affiliate Entities" to achieve the objectives of this suit—the cessation of Mr. Gilley's unlawful competition with Brand in violation of the Agreement.

Brand then argues that because the "Affiliate Entities"/Absentees have not claimed an interest, joinder is not necessary.[11] Brand argues that a ruling by this court that certain provisions of the Agreement are not enforceable under Louisiana law would equally apply as to the Affiliate Entities. Thus, Brand maintains there is no risk of duplicative litigation.

The court finds that Mr. Gilley's arguments do have merit; the absence of the Brand companies or Absentees that are not made a party to this litigation have a related interest in this litigation, and not joining them as parties to this litigation could potentially expose Mr. Gilley to double, multiple or inconsistent obligations. Thus, we find that the Absentees, herein defined, are indispensable parties.

Step two of our analysis requires us to determine if joinder is feasible; we must determine if the action should proceed among the existing parties or be dismissed.[12] Mr. Gilley asserts that to the extent that any of the Absentees are non-diverse, which would destroy diversity jurisdiction if joined, the instant suit must be dismissed. When a person cannot be joined, the court must determine whether in equity and good conscience the action should proceed among

---

[11] Relying on Woodard v. Woodard Villa, Inc., 2016 WL 1298995 at *3 (W.D. La. Mar. 31, 2016)(quoting Fed. R.Civ.P. 19 Advisory Committee Note).
[12] Fed. R. Civ. P. 19(b).

the parties already before it, or the action should be dismissed. The factors listed in Rule 19(b) to be considered by the court are as follows:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>   (A) protective provisions in the judgment;
>   (B) shaping the relief; or
>   (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed, for non-joinder.

Mr. Gilley first asserts that the Absentees are parties to the contract. The Fifth Circuit has determined that when the absentees are joint obligees to a contract, dismissal for failure to join an indispensable party under Rule 19 is proper.[13] In Harrell & Sumner Contracting Co., the Fifth Circuit affirmed the district court's application of the four factors enumerated above in finding dismissal appropriate, specifically finding persuasive (1) the possibility of a second suit by the absentee with an inconsistent result, and (2) the parties had an adequate remedy by bringing their claim in state court.[14] Mr. Gilley argues that the absentees are joint obligees with Brand and any subsequent suit by any of the Absentees could be inconsistent with the court's ruling on the validity of the provisions of the Agreement. Furthermore, Mr. Gilley maintains that dismissal would not prejudice Brand because Brand could still bring the suit in state court.

---

[13] Harrell & Sumner Contracting Co., Inc. v. Peabody Petersen Co., 546 F.2d 1227 (5th Cir. 1977)(general rule is that where two or more parties are joint obligees, they are indispensable parties in action for enforcement of the obligation; all members of a partnership are indispensable parties plaintiff).
[14] Id. at 1229.

7

Brand maintains that Mr. Gilley has failed to submit evidence that the alleged indispensable parties are unable to be joined, and that Mr. Gilley's arguments are based on the *assumption* that the Absentees' joinder would destroy diversity. Brand notes that the Agreement does not name the Affiliate Entities and Brand's successors cannot be identified at this time. Brand further argues that the Absentees are not joint obligees but are, at most, several obligees. Brand asserts that to the extent the Affiliate Entities are parties to the Agreement, Mr. Gilley's obligation not to compete with those entities is specific to each entity, and not a single obligation is owed to Brand and all Affiliate Entities. Thus, because the obligations owed to Brand and each Affiliate are separable, the Absentees are not indispensable parties.

After considering the arguments of the parties, the undersigned ordered Brand to provide the court with the names of the Absentees along with their citizenship for purposes of determining diversity. Brand has complied[15] and further informs the court that none of "its predecessors, successors, parents, subsidiaries, divisions, or related companies is either domiciled in or has their principal place of business in the State of Louisiana."[16] Therefore, requiring joinder of these entities as parties would not destroy jurisdiction.

## CONCLUSION

For the reasons set forth above, the motion to dismiss will be granted only to the extent that the court finds that the Absentees are indispensable parties which should be joined in this lawsuit. However, the motion to dismiss will be denied to the extent that dismissal is not required

---

[15] R. #16.
[16] Id.

as the court finds that joinder of the indispensable parties will not destroy jurisdiction. Accordingly, it is

**ORDERED** that the motion to dismiss is hereby **GRANTED** in part and **DENIED** in part. The motion is granted to the extent that the court finds that the Absentees are indispensable parties which must be joined in this lawsuit.

**IT IS FURTHER ORDERED** that plaintiff shall amend the complaint to include the indispensable parties no later than 30 days from the date of this order; failure to comply will result in dismissal of the instant lawsuit; otherwise, the motion to dismiss the Complaint is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the oral argument currently scheduled for October 26, 2016 is hereby **CANCELED**.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 14th day of October, 2016.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE