RECEIVED

FEB 2 2 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| BRAND ENERGY SOLUTIONS, LLC, et al | CIVIL ACTION NO. 2:16-1025 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| CODY GILLEY | MAG. JUDGE KAY |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## MEMORANDUM RULING

Before the court is "Brand Energy Solutions, LLC's Rule 12(b)(6) Motion to Dismiss Defendant/Counter-Plaintiff Cody Gilley's First Amended Counterclaim" (R. #30) wherein counter-claim defendant, Brand Energy Solutions, LLC ("Brand") seeks dismissal of Cody Gilley's counter-claims against Brand for alleged violations of the Fair Labor Standards Act ("FLSA")[1], the Louisiana Wage Payment Act ("LWPA"),[2] the Louisiana Unfair Trade Practices Act ("LUTPA"),[3] and for fraud and breach of contract.

## FACTUAL ALLEGATIONS

On July 12, 2016, Brand filed the instant lawsuit against Mr. Gilley wherein Brand alleged that upon termination of his employment with Brand, Mr. Gilley began working for Apache Industrial Services, ("Apache"), a direct competitor of Brand. Brand alleged that Mr. Gilley solicited and obtained work from Brand's customers on behalf of Apache in violation of the Confidentiality, Non-Competition, Non-Solicitation and Invention Assignment Agreement

---

[1] 29 U.S.C. § 201 et seq.
[2] La. R.S. 22:631-632.
[3] La. R.S. 51:1401, et seq.

("Agreement").  After amending their complaint, Mr. Gilley answered and filed a counter-claim against Brand asserting the claims mentioned hereinabove.[4]

On January 18th, 2017, pursuant to a motion for judgment on the pleadings filed by Mr. Gilley, the undersign dismissed Brand claims against Mr. Gilley finding that because the Agreement at issue in the lawsuit failed to meet the requirements of Louisiana Revised Statute 9:23:921(C), it was unenforceable.[5]

## RULE 12(b)(6) STANDARD

Fed. R. Civ. P. 8(a)(2) requires that pleadings which state one or more claims for relief must contain "...a short and plain statement of the claim showing that the pleader is entitled to relief..."  This "notice pleading" requirement is balanced against Fed. R. Civ. P. 12(b)(6), which provides that a court may dismiss one or more claims when the pleader fails to state a claim upon which relief may be granted.

For the purpose of considering a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled factual allegations as true and must view them in the light most favorable to the plaintiff.[6]  The pleading must allege facts which, when taken as true, raise the pleader's claim. A motion to dismiss for failure to state a claim should be denied unless "it appears to a

---

[4] R. #20.

[5]  On February 2, 2017, the court issued an amended judgment the purpose of which was to reserve Mr. Gilley's counter-claims against Brand.

[6] In re Katrina Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007) (internal citations omitted).

*certainty* that the plaintiff would be entitled to no relief under any state of facts" alleged in the petition.[7]

Only those facts which are well-pleaded and state a "plausible claim for relief" must be accepted.[8]  A claim is plausible when the court can reasonably infer from the facts that the defendant is liable to the plaintiff; a claim is not plausible when it only states conclusions of a "formulaic recitation of the elements of a cause of action."[9] However, even those facts which are extremely doubtful are to be assumed correct.[10]

## LAW AND ANALYSIS

In the instant motion, Brand seeks to dismiss the claims Mr. Gilley has asserted against it which include claims under the FLSA, both individually and collectively, LWPA, LUTPA, fraud and the breach of contract.

*FLSA*

Brand asserts that Mr. Gilley has failed to allege any facts to establish individual coverage under the FLSA or indicate how Mr. Gilley's activities constituted engagement in interstate commerce. In order to state a claim for unpaid overtime or minimum wages under the FLSA, a plaintiff must plead: "(1) that there existed an employer-employee relationship during the unpaid . . . periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime [or minimum wages] requirements; and (4)

---

[7] Banco Continental v. Curtiss Nat'l Bank of Miami Springs, 406 F.2d 510, 514 (1969)(quoting Arthur H. Richland Co. v. Harper, 302 F.2d 324, 325 (5th Cir. 1962)(citing Des Isles v. Evans, 200 F.2d 614, 615 (5th Cir. 1952); Millet v. Godchaux Sugars, Inc., 241 F.2d 264, 265 (5th Cir. 1957)).
[8] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
[9] Whitley v. Hanna, 726 F.3d 631, 638 (2009)(quoting Ashcroft, 556 U.S. at 678).
[10] Twombly, 550 U.S. at 555; Lindquist v. City of Pasadena, 525 F.3d 383, 386 (5th Cir. 2008).

the amount of overtime [or minimum wage] compensation due."[11] Mr. Gilley bears the burden

of establishing either individual or enterprise coverage under the FLSA.[12] Thus, Mr. Gilley must

plead facts which, taken as true, plausibly establish coverage under the FLSA.[13]

Congress regulates activities constituting interstate commerce.[14] For an employee to be

"engaged in commerce" under the FLSA, he must be directly participating in the actual movement

of persons or things in interstate commerce by (i) working for an instrumentality of interstate

commerce, e.g., transportation or communication industry employees, or (ii) by regularly using

the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of

interstate telephone, telegraph, mails, or travel.[15]

Mr. Gilley has failed to address this issue or make any argument to establish whether or

not this employer is covered under the FLSA and the court has reviewed the counterclaim and

notes that there are not sufficient facts alleged for this court to determine if interstate activity is

involved which would invoke coverage under the FLSA, individually and/or collectively.

*Louisiana Wage Payment Act Violations*

Mr. Gilley alleges that Brand's refusal to pay him for overtime work performed constitutes

a violation of the Louisiana Wage Payment Act ("LWPA").[16] Brand asserts that Mr. Gilley's LWPA

claims must fail because the LWPA does not provide for the recovery of overtime wages and he

has not alleged facts to establish that overtime pay was an amount due to him under the terms

---

[11] Johnson v. Heckmann Water Resources, Inc., 758 F.3d 627, 630 (5th Cir. 2014).

[12] Sobrinio v. Med. Ctr. Visitor's Lodge, 474 F.3d 828, 829 (5th Cir. 2007).

[13] See Morrow v. J W Elec., Inc., 2011 WL 5599051, at *2 (N.D. Tex. Nov. 16, 2011) (citing Lindgren v. Spears, 2010 WL 5437270, at *3 (S.D. Tex. Dec. 27, 2010)(holding that FLSA coverage must be alleged because it is an element of claim)).

[14] Thorne v. All Restoration Services, Inc., 448 F.3d 1264 (11th Cir. 2006).

[15] 29 C.F.R. § 776.23(d)(2) (2005); 29 C.R.F. § 776.24 (2005).

[16] La. R.S. 22:631-632.

of his employment with Brand. As noted by Brand, the LWPA requires that "[u]pon the resignation of any laborer or other employee . . . it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment . . . ."[17] Absent a contract, payment of overtime wages is governed exclusively by the FLSA.[18] Hence, because we have concluded that Mr. Gilley has failed to allege facts to assert coverage under the FLSA, and noting the absence of a contract that requires Brand to pay overtime, the counterclaim fails to plausibly establish a viable claim for alleged unpaid overtime under the LWPA. Furthermore, there can be no entitlement to penalty wages under the LWPA.

*Fraud*

In his counterclaim, Mr. Gilley alleges that "Brand represented to Gilley that he was a salaried employee as opposed to an hourly employee and was not entitled to overtime pay. At the time Brand made these representations, Brand knew them to be false, and these representations were made by Counterclaim Defendant Brand with the intent to defraud and deceive Gilley with respect to the overtime benefits that he was entitled."[19] Brand asserts that Mr. Gilley's fraud claim is preempted by the FLSA.[20]

Mr. Gilley's fraud claim is based on Brand's alleged statement to him that upon his December 2014 promotion, as a salaried employee, he was not entitled to overtime pay and that

---

[17] La. R.S. § 12:631.

[18] Woods v. Berean Children's Home, Inc., 2010 WL 1050120, at *2 (M.D. La. Feb. 19, 2010), report and recommendation adopted, 2010 WL 1087943 (M.D. La. Mar. 19, 2010)(citing Odom v. Respiratory Care, Inc., 754 So.2d 252 (La.App. 1 Cir. 2/19/99)(payment of overtime governed by FSLA).

[19] R. #23, ¶ 84.

[20] See Botello v. COI Telecom, LLC, 2010 WL 3784202, at *4 (W.D. Tex. Sept. 21, 2010)( citing Anderson v. Sara Lee Corp., 508 F.3d 181, 192-95 (4th Cir. 2007)(holding that FLSA-based contract, negligence and fraud claims were pre-empted under the FLSA because the state law claims were an obstacle to the accomplishment of the full purposes and objectives of Congress in the FLSA); Guerrero v. JPMorgan Chase & Co., 2010 WL 457144 at *3-4 (E.D. Tex. Feb. 5, 2010).

Brand allegedly knew this statement to be false and made with the intent to defraud Mr. Gilley. The court finds that Mr. Gilley's fraud claim is preempted by the FLSA and therefore should be dismissed.

*Louisiana Unfair Trade Practices Act*

Mr. Gilley's counterclaim seeks damages, including treble damages and attorney fees for alleged violations under the Louisiana Unfair Trade Practices Act ("LUTPA").[21] In the counterclaim, Mr. Gilley alleges that Brand "actively sought to take unjust advantage and acted to deprive Counterclaim Plaintiff Gilley of his financial interest."[22] Thus, Mr. Gilley alleges that "Brand is liable for unfair and fraudulent trade practices"[23] under the LUTPA.

Mr. Gilley, relying on Bell Atl. Corp. v. Twombly,[24] asserts that his Counterclaim requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Mr. Gilley then refers the court to paragraphs 67-71 of the complaint which are as follows.[25]

> 67. On or about December 22, 2014, Gilley before then an hourly employee of Brand, was given the title of Project Manager, his hourly compensation was changed to salary, he was promised a performance bonus, and he was required to sign the Agreement by Brand. However, his employment tasks for Brand remained the same, Gilley continued to complete job timesheets, and Brand continued to bill Gilley's time back to customers.
>
> 68. Counterclaim Defendant Brand represented to Gilley that he was a salaried employee as opposed to an hourly employee and was not entitled to overtime pay, although his job tasks after

---

[21] La. R.S. 51:1401, et. seq.

[22] R. #23, ¶ 89.

[23] Id. ¶ 90.

[24] 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

[25] R. #23, ¶ 67-71.

December 22, 2014, did not change and were not directly related to management or general business operations of Brand.

69. At the time Brand made these representations of increased compensation, Brand knew them to be false, and these representations were made by Counterclaim Defendant Brand with the intent to deceive Gilley.

70. After December 22, 2014, Gilley routinely worked more than forty (40) hours per week, and Counterclaim Defendant Brand did not compensate Gilley for the hours worked in excess of forty (40) hours per week.

71. Moreover, Brand's promise to Gilley of a performance bonus was knowingly false at the time made. Brand routinely changed its incentive compensation formula and reallocated certain costs, revenue numbers, and house accounts in a manner such that it was impossible for Gilley, despite superior efforts to achieve the additional compensation promised.

Mr. Gilley maintains that these allegations support a claim that Mr. Gilley was impermissibly classified as a salaried employee, exempt from overtime, when he was actually acting and being billed in the capacity of an hourly employee. Mr. Gilley further argues that his allegations are sufficient to set forth a reasonably founded hope that discovery will reveal evidence to support his claims. Mr. Gilley submits that documentation and records including, but not limited to, personnel files, ADP time records, third party payment and billing records, and bonus calculation support documentation, must be disclosed through discovery in order to reveal evidence of illegality as to each of Mr. Gilley's claims.

Brand asserts that the Counterclaim fails to assert facts regarding an alleged Agreement between Mr. Gilley and Brand, the enforceability of any such agreement, and/or Brand's attempts to enforce same; nor is the alleged "agreement" defined or described. Brand argues

that the Counterclaim fails to allege any factual matter to raise Mr. Gilley's LUTPA claim beyond a speculative level, much less establish a plausible claim for relief under the LUTPA.

Due to the allegations set forth in the Counterclaim, the court is inclined to convert the motion to dismiss as to the LUTPA claims to a motion for summary judgment and allow discovery to unveil the alleged conduct Mr. Gilley asserts in his complaint.  Accordingly, with regard to the LUTPA claims, the motion to dismiss will be converted to a motion for summary judgment.

*Breach of contract claims*

Brand maintains that Mr. Gilley's breach of contract claim fails as a matter of law.  Under Louisiana law, the essential elements of a cause of action for breach of contract are "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee."[26]

The Counterclaim states that "Counterclaim Defendant Brand's acts constitute breaches of contract and were intentional, willful, in bad faith and intended to harm Counterclaim Plaintiff Gilley's financial interest. Counterclaim Defendant Brand's conduct was not justified, privileged or excusable."[27] Brand asserts that Mr. Gilley's counterclaim does not contain any facts regarding an agreement of contract between Gilley and Brand or that Brand was in breach of said contract.

Brand attaches as exhibit A, an Offer Letter signed by Gilley and Brand and dated December 18, 2014 which details the compensation package and the annual bonus

---

[26] Denham Homes, L.L.C. v. Teche Federal Bank, 182 So.3d 108, 118 (La.App. 1 Cir. 9/18/15).
[27] R. #23, ¶ ¶ 93-94. The Counterclaim further refers to ¶ ¶ 66-71 as noted above.

opportunity.[28] The court is inclined to convert the motion to dismiss as to the breach of contract claim to a motion for summary judgment in order for us to consider the evidence outside of the pleadings.

## CONCLUSION

For the reasons set forth above, the motion to dismiss will be granted in part, and denied in part.  The court will convert the motion to dismiss Mr. Gilley's claims under LUTPA and breach of contract to a motion for summary judgment. The motion will be granted to the extent that the FLSA claims and fraud claims will be dismissed with prejudice. As to the dismissal of the FLSA and fraud claims, the Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 22nd day of February, 2017.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[28] Brand exhibit A, R. #30-2.